**Wise Estate**

*I. Elmer Ecker,* for accountant.

*James M. Arensberg,* for University of Pittsburgh.

RAHAUSER, J., April 7, 1970.—Dr. Albert I. Wise died August 5, 1968, after executing a new will on that date. In his last will and testament he gave a legacy of $3,000 to the Fraternal Order of Police, Widows' Pension Fund. The residue of his estate he left in trust, to pay $100 a month to his brother Saul

and his sister Mabel, for the term of their natural lives, and $300 a month for life to Ann Comoroda. The life tenants were to be paid from income, with the right to invade the principal if necessary. At the death of the last survivor of the life tenants, the unpaid principal of the trust was to be paid to the Dental School of the University of Pittsburgh.

Testator also left an earlier will, dated January 31, 1966, a carbon copy of which is attached to the petition for distribution in this estate. Under the earlier will, testator left an immediate legacy of $1,000 to the University of Pittsburgh Dental School.

The last will having been made within 30 days of the death of testator was subject to modification under section 7 of the Wills Act of April 24, 1947, P. L. 89, 20 PS §180.7 (1), which reads as follows:

"(1) Death within thirty days.—Religious and charitable gifts. Any bequest or devise for religious or charitable purposes included in a will or codicil executed within thirty days of the death of the testator shall be invalid unless all who would benefit by its invalidity agree that it shall be valid. The thirty-day period shall be so computed as to include the day on which the will or codicil is written and to exclude the day of death. Unless the testator directs otherwise, if such a will or codicil shall revoke or supersede a prior will or codicil executed at least thirty days before the testator's death, and not theretofore revoked or superseded and the original of which can be produced in legible condition, and if each instrument shall contain an identical gift for substantially the same religious or charitable purpose, the gift in the later will or codicil shall be valid; or if each instrument shall give for substantially the same religious or charitable purpose a cash legacy or a share of the residuary estate or a share of the same asset, payable immediately or subject to identical prior estates and condi-

tions, the later gift shall be valid to the extent to which it shall not exceed the prior gift."

Decedent's brothers and sisters, who would benefit by the invalidity of the will, have notified the executors of the estate that they do not consent to let any charitable bequest take effect, so the court must determine whether or not the immediate gift of $1,000 to the University of Pittsburgh Dental School, under the will dated January 31, 1966, is saved under other provisions of the section of the statute above quoted.

The separate statutory language to be considered reads as follows:

". . . if each instrument shall give for substantially the same religious or charitable purpose a cash legacy or a share of the residuary estate or a share of the same asset, payable immediately or subject to identical prior estates and conditions, the later gift shall be valid to the extent to which it shall not exceed the prior gift."

Under the earlier will, the Dental School is entitled to an immediate payment of $1,000; under the later will, the legacy to the dental school, in an indefinite amount, is not payable until the death of the last survivor of three life tenants.

Since a copy of the earlier will has been made a matter of record, the legacy therein given to the dental school is effective if it comes within the provisions of section 7(1) of the Wills Act of 1947 heretofore quoted. See Baum Estate, 418 Pa. 404, 410, 411, where the court said:

"The purpose of the general thirty day provision of our statute has been stated with consistency. 'It was to make reasonably sure that testamentary gifts to religion or charity were the result of deliberate intent of the testator, and were not coerced from him while in weakened physical condition under the influence of the doubts and terrors of impending death.'

Paxson's Estate, 221 Pa. 98, 111, 70 Atl. 280, 285 (1908). Prior to 1947, the Wills Act of 1917 made no provision whatever for validating charitable bequests made within thirty days of death. It was held to be unbending in its prohibition of such gifts, even where it was clear that the testamentary intent to make such bequests had existed for more than the thirty day period. See, e.g., Hartman's Estate (No. 1), 320 Pa. 321, 182 A. 234 (1936). It is graphically clear that the exceptions set out in Section 7(1) of the Wills Act of 1947 were intended to remedy that situation and to remove from the operation of our thirty day prohibition those cases which did not, in reason, fall within the purpose of the thirty day rule. See McGuigen Estate, 388 Pa. 475, 131 A. 2d 124 (1957); Comments of the Joint State Government Commission, Comment to section 7(1), 20 P.S. §180.7, pp. 267, 268.

"In light of this clear legislative history and purpose, it is obvious that what was sought to be accomplished by the validation requirements involved in this case was a form of proof which would satisfactorily show that the charitable intention of the testatrix existed for more than thirty days. Since the section we are considering is remedial in nature, we have held that it must be liberally construed in order to effectuate its purpose." McGuigen Estate, 388 Pa. 475, 481, 131 A. 2d 124, 128 (1957).

It is quite clear that testator had a clear intention to give the Dental School of the University of Pittsburgh a legacy of at least $1,000 from the date of the earlier will, January 31, 1966, until the date of his last will, August 5, 1968. A gift of $1,000 to the dental school upon the death of the last survivor of the three life tenants would not contravene the purpose of the statute. The statute is to be construed liberally in order to effectuate its purpose. See, McGuigen Estate,

388 Pa. 475, 481. Accordingly, the gift to the dental school in the amount of $1,000 will be upheld, subject to the rights of the life tenants, but payment thereof will be postponed until the death of the last survivor of the three life tenants.

Testator, in his last will, left a legacy to "the Fraternal Order of Police, Widow's Pension Fund" in the amount of $3,000. The court is informed that the Fraternal Order of Police is not a charitable organization, so there is no problem with this gift like the problem involved in the gift to the Dental School of the University of Pittsburgh, heretofore discussed. However, it appears that there is no such legal entity as "the Fraternal Order of Police, Widow's Pension Fund." Since there is a latent ambiguity in the will, parol testimony is admissible to establish the identity of the legatee: Lockwood's Estate, 344 Pa. 293, 296. The Fraternal Order of Police is a legal entity which gives assistance to needy police widows from its general funds. The auditing judge is of the opinion that it was testator's intention to benefit needy police widows under the legacy aforesaid, and that this intention may be effectuated through the award of said legacy to the Fraternal Order of Police. Accordingly, said legacy, in the amount of $3,000, will be awarded to the Fraternal Order of Police.

A decree will be drawn in accordance with this opinion.